UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE DANIEL ANDRADE-MELGAR,

      Petitioner,

                                  Case No. 1:26-cv-01012

v.

                                  HON. ROBERT J. JONKER

KEVIN RAYCRAFT, et al.,

      Respondents.

_____ /

## **ORDER FOR SUPPLEMENTAL BRIEFING**

This is a habeas corpus action brought by an individual detained by the United States Immigration and Customs Enforcement. The parties' submissions create questions regarding the finality of Petitioner's removal proceedings, which directly affects the legal analysis of his current detention. Accordingly, the Court orders supplemental briefing to address the following issues.

The Respondents' response to the Court's show cause order indicates that the Petitioner first entered the United States in October 2016. At the time of his entry, DHS agents encountered him and "he was processed for expedited removal." (*See* 2023 Form I-213, ECF No. 4-2, PageID.48). Shortly thereafter, he was removed to Honduras. (*Id.*). Petitioner, however, reentered the United States in July 2023. (NTA, ECF No. 4-1, PageID.42.). He is currently in ICE detention after his March 4, 2026, arrest. (ECF No. 1).

The Court finds that based on the current record, it is unclear whether Petitioner is detained subject to an administratively final removal order. If Petitioner's detention is subject to a final removal order, then 8 U.S.C. § 1231(a)(2)—rather than § 1225 or § 1226—would seem to apply. Initially, Petitioner's prior expeditated removal order from 2016 suggests that Petitioner is detained

subject to an administratively final removal order. Some courts have noted that an expedited removal order may count as a final removal order. *See, e.g.*, *Said v. Underwood*, No. 3:23-CV-00164, 2025 WL 90145, at *2 (W.D. Pa. Jan. 14, 2025); *Perlaza v. Warden*, No. 1:24-CV-00693-EPG-HC, 2024 WL 4931176, at *3 (E.D. Cal. Dec. 2, 2024). And along those same lines, this Court has previously found that a 15-year-old reinstated expedited removal order triggers Section 1231. *See Peralta Cecilio v. Raycraft*, No. 1:26-cv-814, ECF No. 7, PageID.135 (W.D. Mich. April 14, 2026). Nothing in the current record explains why, as in *Peralta Cecilio*, Petitioner's original expedited removal order from 2016 does not continue to control his situation. In other cases similar to this one, however, the respondents have conceded that petitioner's previous removal orders do not trigger Section 1231. *See Lopez-Jaime v. Raycraft*, No. 1:26-cv-628, ECF No. 6, PageID.104-05 (W.D. Mich. April. 3, 2026).

Given this uncertainty, the Court needs clarification on this issue before conclusively deciding Petitioner's case. In the parties' original briefing, neither side addressed whether Petitioner's expedited removal order from 2016 is a final removal order such that Petitioner is detained under § 1231(a)(2) rather than § 1225 or § 1226. The parties have 14 days from the date of this Order to submit supplemental briefing addressing that question and any other details of Petitioner's prior removal and current circumstances.

**IT IS SO ORDERED.**

Dated:   April 23, 2026    /s/ Robert J. Jonker
ROBERT J. JONKER
UNITED STATES DISTRICT JUDGE

2